UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| GOOGLE LLC,<br><br>        Plaintiff,<br><br>    v.<br><br>GVERIFIER TECHNOLOGIES LLC d/b/a G VERIFIERS AND G VERIFIER PRO, *et al.*,<br><br>        Defendants. | Case No. 2:22-cv-04182<br><br>**Chief Judge Algenon L. Marbley**<br>**Magistrate Judge Elizabeth Preston Deavers** |

## STIPULATED JUDGMENT AND PERMANENT INJUNCTION

This Court, pursuant to the Joint Motion for Entry of Stipulated Judgment and Permanent Injunction between Plaintiff Google LLC ("Google") and Defendant Infinity GoMarketin LLC ("Infinity"), and upon consent of the parties, hereby ORDERS, ADJUDGES, and DECREES as follows:

### PERMANENT BAN ON COMMERCIAL ACTIVITY INVOLVING GOOGLE BUSINESS PROFILES OR ANY OTHER GOOGLE OFFERING

1. Infinity made unauthorized, infringing uses of the GOOGLE trademark in its telemarketing, sales solicitation, web-based advertising, search engine optimization services, sales of reviews, and other commercial activity targeted to business owners interested in the services Google offers as part of its Google Business Profile (formerly known as Google My Business) platform.

2. Specifically, Infinity made false and misleading claims that were likely to confuse small business owners about the true source or nature of Infinity's services and the relationship between Google and Infinity. For example, Infinity falsely represented during these calls that it

was Google, that it was an authorized agent of Google, or that it was otherwise associated with or endorsed by Google.

3. In addition to misrepresenting that Infinity was affiliated with Google, Infinity's misrepresentations also included express or implied claims that: (i) unless a business "verifies" its Google Business Profile, the business's Google listings may be deleted, displayed incorrectly, or described as "permanently closed"; (ii) business owners can obtain various benefits or services from Google related to Google Business Profile only by paying Infinity a fee; (iii) Infinity can guarantee superior placement among organic search results; and (iv) Infinity is authorized by Google to control aspects of Google listings.

4. Such representations were false and misleading. Infinity does not work on behalf of Google; Infinity is not a Google partner or otherwise engaged or authorized by Google to perform any outreach or other services, or to control placement of Google listings. Furthermore, there is no need to "verify" a listing with Infinity or to pay money to Infinity, Google, or any other entity to avoid deletion or the improper display of a listing on the Google Business Profile platform. Infinity also cannot fulfill its promise to business owners to "[g]et the first page on Google search," as no third party can guarantee such placement.

5. Infinity does not dispute that (a) the GOOGLE mark is valid and protectable, and (b) Google owns all right, title, and interest in and to the GOOGLE mark.

6. Infinity does not dispute that (a) Google's mark described in Google's Complaint, *see* ECF No. 1, as the "G Logo" is valid and protectable, and (b) Google owns all right, title, and interest in and to the G Logo.

7. Infinity admits liability for the infringement of the GOOGLE mark and G Logo in violation of 15 U.S.C. § 1114(1) and 15 U.S.C. § 1125(a).

8. Infinity admits liability for breaching Google's Terms of Service, a valid and enforceable contract.

9. Google has been, and will continue to be, damaged and irreparably harmed by the actions of Infinity described in Paragraphs 2 and 3.

10. Infinity is thus hereby adjudged to have violated 15 U.S.C. § 1114(1) and 15 U.S.C. § 1125(a) by infringing the GOOGLE mark and G Logo, and is hereby further adjudged to be liable to Google for breach of contract.

11. Infinity, as well as Infinity's officers, agents, servants, employees, and attorneys, and all persons in active concert or participation with Infinity, who receive actual notice of this injunction, are hereby permanently restrained and enjoined, pursuant to 15 U.S.C. § 1116, Federal Rule of Civil Procedure 65, and this Court's inherent authority, from engaging in, directly or indirectly, or authorizing or assisting any third party to engage in, any of the following activities:

  a. Any telemarketing or any other commercial activities relating to Google's Business Profile platform;

  b. Any telemarketing or any other commercial activities relating to any other product or service produced by Google;

  c. Using the GOOGLE mark, the G Logo, or any other mark owned by Google, or any confusingly similar variations thereof, in connection with marketing, promoting, advertising, selling, or distributing any goods or service in any manner that is likely to cause confusion, or to cause mistake, or to deceive as to an affiliation or association with, or endorsement or sponsorship by, Google;

  d. Using the GOOGLE mark, the G Logo, or any other mark owned by Google, or any confusingly similar variations thereof, within any domain names, metatags, or

    other markers within website source code, or on any websites registered, owned, or operated by Infinity;

  e. Effecting assignments or transfers, forming new entities or associations, associating with any other person or entity, or utilizing any other device for the purpose of circumventing or otherwise avoiding any of the obligations or prohibitions set forth herein.

Nothing in Paragraph 11 shall prohibit anyone from engaging in any activities as a consumer or user of Google products, platforms, or services (*e.g.*, Gmail; Google AdWords; Google Pay; YouTube), provided such use is not for any purpose that violates any term of Paragraph 11.

## COMPLIANCE

12. Infinity shall provide a copy of this Stipulated Judgment and Permanent Injunction to each of its officers, agents, servants, representatives, employees, attorneys, affiliates, assigns, and contractors who are or were conducting marketing activities relating to Google offerings on behalf of Infinity.

## DISMISSAL OF REMAINING CLAIMS AGAINST INFINITY

13. Pursuant to the Parties' stipulated request and settlement agreement, Google's claims against Infinity for violation of the Federal Telemarketing and Consumer Fraud Protection Act, 15 U.S.C. § 6101 *et seq.*, and for unfair competition and deceptive trade practices under Ohio common law and Ohio Rev. Stat. § 4165.02 are dismissed with prejudice. For the avoidance of doubt, the foregoing dismissal is as to Infinity only, and not to any other Defendants.

## IMMEDIATE ENTRY OF JUDGMENT

14. The Court finds there is no just reason to delay in entering this Stipulated Judgment and Permanent Injunction and, pursuant to Federal Rule of Civil Procedure 54, the Court directs

immediate entry of this Stipulated Judgment and Permanent Injunction against Infinity.

15. This Court has jurisdiction over the subject matter of this action under 15 U.S.C. § 1121 and 28 U.S.C. §§ 1331, 1332, 1338, and 1367. This Court has personal jurisdiction over the parties hereto. Venue is also proper in this district under 28 U.S.C. § 1391(b)(1) and (2).

16. No appeals shall be taken from this Stipulated Judgment and Permanent Injunction; however, the parties preserve their respective rights to appeal any further action arising out of this Stipulated Judgment and Permanent Injunction.

17. This Court will retain continuing jurisdiction over this matter to enforce the terms of this Stipulated Judgment and Permanent Injunction and the settlement agreement between the parties.

18. Nothing set forth herein shall impair Google's right to seek all legal and equitable remedies that the Court deems appropriate in the event of a violation or failure by Infinity to comply with any of the provisions hereof.

19. This Stipulated Judgment and Permanent Injunction shall be deemed served upon Infinity at the time of its entry by the Court.

20. Each party shall bear its own attorneys' fees and costs incurred in this matter.

IT IS SO ORDERED.

_____
Chief Judge Algenon L. Marbley
United State District Judge
Southern District of Ohio

May 19, 2023